## No. 11,389.

### ISAACS *v.* THE PEOPLE.

Decided July 26, 1926.

Plaintiff in error was convicted of giving a short check with intent to defraud.

### *Reversed.*

1. CRIMINAL LAW—*Evidence.* In a prosecution for giving a short check, evidence of assistant cashier and bookkeeper of the bank based on a balance sheet prepared by another employee, and on notations on the check made by others, held hearsay and its admission reversible error.

2. APPEAL AND ERROR—*Sufficiency of Evidence.* In a prosecution for giving a short check, evidence reviewed and held insufficient to support a verdict of guilty.

*Error to the County Court of Delta County, Hon. Frank M. Goddard, Judge.*

Mr. W. H. BURNETT, for plaintiff in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. LOUIS W. BURFORD, Assistant, for the people.

*En banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE defendant was found guilty under the first count in an information which charged him with giving a short check with intent to defraud. Many errors have been assigned and argued by his counsel. Only the one which assails the sufficiency of the evidence is considered, for its resolution in the defendant's favor compels us to reverse the judgment.

The sufficiency of the information is also questioned. We do not pass on that assignment, but we are not to be understood as impliedly, or otherwise, holding the information good by not considering the objections made to it.

Assuming then, but not so deciding, that the information is sufficient the judgment must be reversed because there is no legal or sufficient evidence to prove the charge. Our statute does not, like statutes in some other states, specifically fix the time when the funds or credits shall be in the drawee bank with which to pay a check. This information, however, charges that the defendant did not have funds or credit therein when the check was drawn, not that there were no funds when the check was presented for payment. This, however, is not important here because there is no legitimate evidence in the record that there were not funds or credit in the bank in the defendant's account to pay this check either at the time it was drawn or when it was presented for payment; but, on the contrary, the only legitimate evidence is that there were funds more than sufficient to pay it when it reached the drawee bank. Mr. Kirbel, a witness for the

people, an assistant cashier and bookkeeper for the Montrose National Bank, the drawee of the check, was the only witness who furnished any information as to when the check was presented for payment, or as to other material issues in the case, and he testified that all he knew about the matters to which he testified was derived from the balance sheet, not prepared by him, but by another employee, and from the notations that appeared on the back and face of the check, some of which were made by the several different banks through which the check passed on its way to the Montrose National Bank, and other notations which were made by the drawee when it reached that bank. This was purely hearsay evidence and was objected to and should not have been received. The persons who made these notations might have been called as witnesses, and there is no reason or excuse given why they were not present. Even in the testimony of Kirbel it does not appear when the check reached these intermediary banks, or the drawee, Montrose National Bank. The utmost that can be said is that the only testimony on the vital issue that the prosecution relies on as tending to show lack of funds consists of inferences or surmises of the witness, Kirbel, that there were not funds in the drawee bank when on January 19th some officer thereof stamped it "Paid" and some other officer or employee apparently on January 17th, two days before, noted on its face in pencil "Short $8.87," which the witness said indicated that there was then a balance in the bank to the defendant's credit of only $8.87, being less than the amount of the alleged short check which was for $10.65, that reached the bank that same day. Kirbel further testifies, that though the drawee's stamp "Paid," of January 19th was on the back of the check, the check was not paid, but this is merely his conclusion from what he saw on the check itself. The witness apparently intended to be understood as saying his conclusion or inference, that the earlier notation of a short check made

on the face of the check two days earlier on January 17th, was correct. We think otherwise. If inferences are to govern, the inference of the people's witness was wrong. The defendant testified that he believed he had funds in the bank to pay the check when he drew it, and the proof is that he had, and that they were there when it was presented for payment to the drawee bank. The later stamp of payment made on January 19th, we think was put on the check because on that day, as the defendant testifies, and he is not contradicted, he was at the bank and called the attention of one of the officers that an error of $10.00 in his balance had been made in the bank's favor, and the proper correction was made and the $10.00 credit on that day was given to the defendant, who then made an additional deposit of $10.00, which two items were treated by the Bank as a deposit on January 19th of a total sum of $20.00, and the deposit slip in that amount was given to the defendant. This transaction gave him a balance on January 19th, of $22.97, the very day the alleged short check was in the bank and marked paid. There was thus in the bank, and there is no evidence to the contrary, more than enough to pay the alleged short check of $10.65 when it reached the bank. Why or when the alleged notation on the face of the check on January 17th, indicating a shortage, was put there the evidence is entirely silent. With such evidence in the record we cannot allow this judgment of guilt to stand. Standing alone and unexplained the evidence in the record should be taken as conclusive that there were sufficient funds in the bank to the defendant's credit for the payment of this check when it was presented for payment as well as when it was drawn, instead of being considered, as it apparently was by the jury, as tending to show the defendant's guilt. For the reasons above given the judgment must be, and it is, reversed.